El Pueblo, Demandante y Apelado, *v.* Pillot,
Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Guayama
en causa por alterar la paz pública.

No. 1627.—Resuelto en julio 26, 1921.

Alteración de la Paz de una Persona—Vituperios y Provocaciones—Denuncia Insuficiente.—No expone hechos suficientes para constituir el delito de alteración de la paz por medio de vituperios y provocaciones una denuncia que copiada en lo pertinente dice así: ''* * * el Sr. Alcalde, el Sr. Grau, no debía permitir que cuando se esté celebrando un mitin, que es un acto público, se apaguen las luces; pues debió haber dado órdenes al operador para que así lo hiciera, porque eso era una falta de cortesía, una falta de respeto y una falta de vergüenza, y cuyas palabras fueron dichas por el acusado en alta voz y de las que hacía objeto al Sr. Grau, en la presencia de un numeroso público allí congregado.''

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. L. Capó y J. Soto Rivera.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Pablo Pillot fué condenado como autor de un delito de turbar la paz a pagar cincuenta dólares de multa y en su defecto a sufrir un día de prisión por cada dólar dejado de satisfacer. Apeló para ante esta Corte Suprema y la única cuestión que se levanta es la de que la denuncia no alega hechos suficientes constitutivos del delito que se le imputó y por el cual fué castigado. La denuncia dice así:

''Dicho acusado Pablo Pillot García, voluntaria y maliciosamente turbó la paz y tranquilidad del Sr. Jorge Grau, Alcalde de la Municipalidad de Guayama, P. R., lanzándole en su presencia desde la tribuna pública, de la cual hacía uso el Sr. Pillot García, como orador, en un mitin de caladoras que se llevaba a efecto en el indicado sitio, vituperios y provocaciones tales como: 'el Sr. Alcalde, el Sr. Grau, no debía permitir que cuando se esté celebrando un mitin, que es un acto público, se apaguen las luces; pues debió haber dado órdenes al operador para que así lo hiciera, porque eso era una falta de cortesía, una falta de respeto y una falta de vergüenza,' y cuyas pa-

labras fueron dichas por el acusado en alta voz y de las que hacía objeto al Sr. Grau, en la presencia de un numeroso público allí congregado.''

Y la ley aplicable, artículo 368 del Código Penal, en lo pertinente, es como sigue:

''Toda persona que maliciosa y voluntariamente perturbare la paz o tranquilidad de algún vecindario o individuo, con fuertes o inusitados gritos, conducta tumultuosa y ofensiva, o amenazas, vituperios, riñas, desafíos o provocaciones, * * *.''

Lo que se alega, pues, que el acusado dijo desde la tribuna, fué:

1. El Sr. Alcalde, el Sr. Grau, no debía permitir que cuando se está celebrando un mitin, que es un acto público, se apaguen las luces.

2. Pues debió haber dado órdenes al operador para que así lo hiciera.

3. Porque eso era una falta de cortesía, una falta de respeto y una falta de vergüenza.

La imputación contenida en el primer párrafo, no constituye vituperio ni provocación. Decir que el alcalde no debía permitir que cuando se celebraba un mitin se apagaran las luces, es expresar una opinión. Todo ciudadano tiene derecho a juzgar los actos de los funcionarios públicos y a expresar libremente el juicio que le merezcan. Su opinión tendrá la fuerza que le den sus propios razonamientos y. el prestigio personal del que la emita.

El segundo párrafo es obscuro, o falta un ''no'' antes de ''debió'' para imputar al alcalde un acto positivo, o en vez de ''para que así lo hiciera'' hay que concluir que quiso decirse ''para que no lo hiciera.'' Tampoco contiene el segundo párrafo, cualquiera que sea el alcance que se le dé, provocación o vituperio algunos.

Es el tercer párrafo, enlazado con los dos anteriores, el que decide la cuestión envuelta. ¿Qué fué lo que calificó

el acusado de falta de cortesía, de falta de respeto y de falta de vergüenza?  ¿El hecho en sí mismo de apagarse las luces en la ocasión expresada, o la conducta del alcalde?

Las imputaciones de falta de cortesía y de respeto, deben descartarse.  No son suficientes para constituir vituperio o provocación.  Queda la de falta de vergüenza.  La exclamación: "eso es una vergüenza," dura y fuerte en sí misma, brota en muchas ocasiones al referirse a algún hecho, sin que en realidad de verdad pueda considerarse como un vituperio o una provocación, pero si se dijera a una persona directamente, en voz alta, en público: "Usted no tiene vergüenza," claramente se le provocaría en forma capaz de producir una perturbación verdadera de la paz.

Leyendo la denuncia queda la impresión de que lo que se calificó como constitutivo de una falta de vergüenza fué el hecho de apagar las luces.  Ese hecho no se realizó directamente por el alcalde, y aunque pudiera sostenerse que se quiso decir que era la consecuencia de la orden o de la falta de orden del alcalde, no creemos que, atendido lo indirecto de la imputación, la ocasión en que las frases fueron vertidas y el tratarse de un funcionario y de un servicio públicos, puedan las manifestaciones del acusado considerarse como constitutivas de delito.

Por virtud de lo expuesto debe revocarse la sentencia apelada y absolverse al acusado.

*Revocada la sentencia recurrida y absuelto el
acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf firmó conforme con la sentencia.